FILED

FEB 03 2021

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

CGB DIVERSIFIED SERVICES, INC.,        )
                                       )
       Plaintiff,                      )
                                       )
v.                                     )     No. 20-CV-1005
                                       )
MICHAEL GAUER,                         )
                                       )
       Defendant.                      )

## CONSENT PERMANENT INJUNCTION

This Consent Permanent Injunction (the "Consent Permanent Injunction") is entered by the Court at the request of Plaintiff CGB Diversified Services, Inc. ("Diversified"), with the knowing and voluntary consent and agreement of Defendant Michael Gauer ("Gauer" and, along with Diversified, the "Parties" and each a "Party"), in order to settle the disputes between the Parties in this action.

Diversified brought this action (the "Action") on February 12, 2020 against Gauer, a former employee of Diversified, alleging that Gauer had violated and was continuing to violate post-employment restrictions to which he was subject, that Gauer misappropriated Diversified's trade secrets, that Gauer breached his fiduciary duty to Diversified, and that Gauer improperly interfered with Diversified's relationships. Gauer filed a motion to dismiss Diversified's complaint, which motion was converted to a motion for summary judgment by this Court and subsequently was denied without prejudice. Gauer has denied all allegations of wrongdoing made by Diversified in its complaint.

The Parties have agreed to fully and finally compromise, settle and discharge any and all claims, controversies, demands and disputes between them without further litigation pursuant to the terms and provisions of a Settlement Agreement and Release executed as of January 15, 2021

(the "Settlement Agreement"), one provision of which is the Parties' agreement to seek the entry of this Consent Permanent Injunction. In presenting this Consent Permanent Injunction to the Court for consideration and entry, the Parties do not admit to any wrongdoing, breach of any agreement or violation or any statute or provision of common law, but instead state that they are agreeing to the Consent Permanent Injunction solely for the purpose of resolving disputed matters in order to avoid the expense, distraction and risks of continued litigation.

### Findings

Having carefully examined the terms and provisions of this Consent Permanent Injunction, the Court finds the following:

a. This Court has jurisdiction over this case, personal jurisdiction over the Parties, and venue is proper in this Court for the purposes of the entry of this Consent Permanent Injunction and the enforcement of this Consent Permanent Injunction;

b. The terms and provisions of this Consent Permanent Injunction are adequate, fair, reasonable, equitable, and just;

c. The rights of all Parties and the interests of the public are adequately protected by this Consent Permanent Injunction; and

d. This Consent Permanent Injunction complies with the Federal Rules of Civil Procedure.

Accordingly, upon the consent of the Parties, IT IS ORDERED, ADJUDGED AND DECREED:

1. By agreement of the Parties, the Consent Preliminary Injunction entered by the Court on June 2, 2020 (Dkt. 30) shall remain in full effect through and until April 1, 2021. Without further Order of the Court, the restrictions contained in this Consent Permanent Injunction, and in the Consent Preliminary Injunction, shall expire at 11:59 p.m. on April 1, 2021.

2. In the event that there is a dispute under this Consent Permanent Injunction, any of the Parties may, on or before December 31, 2021, bring the matter to the attention of the Court by motion for a determination and an appropriate action or remedy. The foregoing does not limit any Party's right to seek any other relief that may be available to him or it for any breach of this Consent Permanent Injunction or the settlement agreement, whether discovered before or after April 1, 2021. Without limitation, if Gauer breaches any of the terms of this Consent Permanent Injunction or the Settlement Agreement, Diversified shall be entitled to bring a claim for breach of the Settlement Agreement, to seek any appropriate relief for violation of the Consent Permanent Injunction, and/or, if and to the extent permitted by the terms of the Settlement Agreement, to pursue Diversified's original claims.

3. The Court shall retain jurisdiction over the Parties and over this action for the purpose of interpreting and enforcing the provisions of this Consent Permanent Injunction and/or interpreting and enforcing the terms of the Settlement Agreement. Provided further, the Parties agree and it is so ordered that nothing in this Consent Permanent Injunction, unless otherwise explicitly stated, shall be interpreted as adjudicating any claims or counterclaims of any of the Parties.

4. This action shall be deemed resolved by the entry of this Consent Permanent Injunction and, so long as there is no pending motion or claim for violation of the Consent Preliminary Injunction or the Settlement Agreement, this action shall be dismissed with prejudice on December 31, 2021 without further Order of Court.

5. The Parties shall bear their own costs and attorney's fees incurred up to the entry of this Consent Permanent Injunction.

6. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to a subsequent event.

ENTERED this 30th day of January, 2021

at 3: __ a.m./p.m.

BY THE COURT:

*signature*

CHARLES B. KORNMANN
United States District Judge

**CONSENTED AND AGREED:**

SIEGEL BARNETT & SCHUTZ, L.L.P.

*signature*

Julie Dvorak
415 S. Main Street, Suite 400
PO Box 490
Aberdeen, SD 57402-0490
Telephone: (605) 225-5420
Facsimile: (605) 226-1911
jdvorak@sbslaw.net

Charles B. Leuin (*pro hac vice*)
Lauren C. Tortorella (*pro hac vice*)
BENESCH FRIEDLANDER COPLAN
  & ARONOFF
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
cleuin@beneschlaw.com
ltortorella@beneschlaw.com

*Attorneys for Plaintiff CGB Diversified Services, Inc.*

RICHARDSON, WYLY, WISE, SAUCK
& HIEB, LLP

*signature*

Kimberly A. Dorsett
One Court Street
PO Box 1030
Aberdeen SD 54702
Telephone: (605) 225-6310
kdorsett@rwwsh.com

R. Daniel Beale (*pro hac vice*)
Sarah E. Trevino (*pro hac vice*)
DENTONS US LLP
303 Peachtree Street NE
Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4919
dan.beale@dentons.com
sarah.trevino@dentons.com

*Attorneys for Defendant Michael Gauer*

4